RECEIVED
AND FILED

AUG 2 11 10 AM '13

U.S. ...
MA...

...RT
...

DAVID PHILLIPS, ESQ.
Nevada Bar No. 00538
700 S. 4TH STREET
Las Vegas, NV 89101
(702) 386-6000 FAX 386-6980
*Attorney For Creditor*
*Soroyo Fambro*

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT, NEVADA

In re:                                    ) Case No.:  12-16252-MKN
                                          )
PAUL D. POWELL,                           ) Chapter 11
                                          )
        Debtor,                           )
                                          )
_____          )
                                          )
SOROYO ANN FAMBRO,                        )
        Movant,                           )
vs.                                       )
PAUL D. POWELL, debtor, and               )
UNITED STATES TRUSTEE, Trustee            )

_____

## MOTION TO LIFT AUTOMATIC STAY

   Movant SOROYA ANN FAMBRO applies to this court for an order granting her relief from

the automatic stay in the following premises:

## FACTS IN SUPPORT OF MOTION

   On August 27, 2012, the Movant, SOROYA ANN FAMBRO, filed a legal malpractice action

against Mr. Powell, the debtor, as well as Powell Litigation Group, LLC, a default corporation,

and Michael Kristoff, Esq. See **Exhibit 1**. Mr. Powell has filed this Chapter 11 proceeding.

1

Receipt # 214078   $176.00

However, on reason and belief, there is insurance coverage in this case, and thus, Mr Powell's real exposure is very limited.

Without relief from the automatic stay Movant would suffer significant and unfair prejudice if her district court action cannot be tried. She therefore asks for relief form the stay, in order that

## **ARGUMENT**

As a general rule, the filing of a bankruptcy petition operates to stay litigation involving prepetition claims against the debtor. ( *Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.* (1986) 474 U.S. 494,503.) However, the automatic stay can be lifted, so long as an interested party can demonstrate "cause." 11 U.S.C. §362(d)(1). The Ninth Circuit has explained that "[b]ecause there is no clear definition of what constitutes 'cause,' discretionary relief from the stay must be determined on a case by case basis." ( *MacDonald v. MacDonald (In re MacDonald)*(9th Cir. 1985) 755 F.2d 715,717; see also *Egwineke v. Robertson (In re Robertson)* (N.D. Ga 2000) 244 B.R. 880, 882; *Baldino v. Wilson (In re Wilson)* (3d Cir. 1997) 116 F.3d 87,90.) The decision whether to grant relief from stay is "within the broad discretion of the bankruptcy court." (Truebro, *Inc. V. Plumberex Specialty Prods., Inc.*) (C.D. Cal. 2004) 311 B.R. 551,558).) As the Ninth Circuit has confirmed, relief from stay may be granted to allow litigation pending in another forum to proceed to conclusion. (See, e.g., *Packerland Packing Co. V. Griffith Beverage Co. (In re Kimble)* (9th Cir. 1985) 776 F.d2 802, 807.) Where litigation is pending, courts may weigh twelve nonexclusive factors, known as " *Curtis*" factors, in deciding whether to grant relief from an automatic stay. *In re Plumberex* 311 B.R. at 559(quoting *In re Curtis* (D. Utah 1984) 40 B.R. 795, 799-800).)

Not every factor will be relevant in every case, and a court is not required to give each factor

equal weight. ( *Id.* at 560.) Typically, only *Curtis* Factors One, Two, Five, Seven, Ten and sometimes Twelve are relevant to the Court's determination related to an insured party in an injury case.

**Complete Resolution.** *Curtis* Factor One asks whether permitting relief from the stay would result in complete resolution of the issues between the parties. ( *See In re Plumberex* 311 B.R. at 559, 562.) Here, this factor obviously weighs in favor of relieving the stay. Indeed, the only issue between movant/plaintiff and debtor/defendant is the underlying malpractice action. If the relief is granted and movant/plaintiff can litigate her personal injury action to conclusion, the relationship between parties will be over and each can move forward with their respective endeavors.

**No Connection with Bankruptcy Proceedings.** *Curtis* Factor Two favors relief from the stay where the state court proceedings are not connected or would not interfere, with the bankruptcy proceedings. (See *In re Plumberex,* 311 B.R. at 559, 561-62.) This factor again favors relief from the stay. Kline will give up seeking personal assets of the defendant and only proceed against the insurance proceeds. This way, the personal injury action is in no way related to the bankruptcy action. Thus, the personal injury action in no way relates to, nor would it in any way interfere with, the bankruptcy proceedings.

**Debtor's Insurance Carrier.** *Curtis* Factor Five looks to whether a debtor's insurance carrier has assumed full responsibility for defending the litigation. ( *See In re Plumberex,* 311 B.R. at 559.) The debtor/defendant will not suffer financially at all from defending the malpractice action, and thus this factor also weighs strongly in favor of lifting the stay. ( *Foust v. Munson S. S. Lines* (1936) 299 U.S. 77, 87-88 (bankruptcy

injunction should be lifted to permit wrongful death suit to go forward since claimant's only interest is establishing liability under the existing insurance policy); *Holtkamp v. Littlefield (In re Hotlkamp)* (7th Cir. 1982 669 F.2d 505, 508) (stay lifted to allow civil action to go forward since bankruptcy estate not jeopardized, as insurer assumed full financial responsibility for defending litigation); *Elliot v. Hardison* (E.D. Va. 1982) 25 B.R. 305, 308 ("Where the claim is one covered by insurance or indemnity, continuation of the action should be permitted since hardship to the debtor is likely to be outweighed by hardship to the plaintiff." (quoting 2 Collier on Bankruptcy ¶ 362.07(3) (15th ed.

**Interests of Other Creditors Not Prejudiced.** *Curtis* Factor Seven examines whether the state court litigation would prejudice the interests of other creditors or interested parties. (See In re *Plumberex*, 311 B.R. at 559, 562.) In personal injury matters involving insurance, there is clearly no possibility of prejudice to other creditors. The movant/plaintiff in the injury case seeks to recover only from debtor/defendant's insurance carrier, and thus any recovery plaintiff receives in the personal injury action can have no impact on the defendant's assets, and thus no impact on other creditors or similarly interested parties.

**Judicial Economy.** *Curtis* Factor Ten asks whether the interests of judicial economy and expeditious resolution of the issues would be served by relief from the stay. (See *In re Plumberex*, 311 B.R. at 559.) The legal malpractice action has been filed, and the district court has set the matter for a status check on February 27, 2013. See minute order, **Exhibit 2.** Moreover, requiring a bankruptcy judge to determine discreet legal malpractice claim, which turn on state law, would not promote judicial economy.

**Conclusion.** For all of the reasons set forth above, the court should grant the motion for

4

1 | relief from the automatic stay in accordance with the form of order submitted concurrently

2 | herewith.

3

4 |        Dated this 25th  day of February, 2013

5 |                                                              /s/ David Phillips, Esq.

6 |                                                              DAVID PHILLIPS, ESQ.
                                                              Nevada Bar No. 00538
7 |                                                              700 S. 4TH STREET
                                                              Las Vegas, NV 89101
8 |                                                              (702) 386-6000 FAX 386-6980
                                                              *Attorney For Movant*

9

10 |                        CERTIFICATE OF SERVICE

11 |      A Copy of this Motion, attached exhibits, and proposed order was electronically served on

12 | Zacharias Larson, Esq., attorney for Debtor, on the above date.

13

14 |                               /s/ David Phillips, Esq.

15 |                               David Phillips, Esq.

16

17

18

19

20

21

22

23

24

25

5

# EXHIBIT 1

CIVIL COVER SHEET

A-12-667452-C
XXII

_____ County, Nevada

Case No. _____
*(Assigned by Clerk's Office)*

## I. Party Information

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| Fambro, Soraya <br> 230 S. 300 West, Veup, Utah 84718 | Paul Powell, Esq, individually, Powell Litigation Group <br> P.C. a domestic Prof Corp, Michael Kistof, Esq, Does I-V Roe <br> Corp 1-V |
| Attorney (name/address/phone): <br> DAVID LEE PHILLIPS, ESQ. <br> 700 South Fourth Street,   Las Vegas, Nevada    89101 <br> 702-386-6000 - Office    702-386-6980 - Fax | Attorney (name/address/phone): |

## II. Nature of Controversy (Please check applicable bold category and applicable subcategory, if appropriate)

☐ **Arbitration Requested**

### Civil Cases

| Real Property | Torts |
|---|---|
| | |

**Real Property**

☐ **Landlord/Tenant**
   ☐ Unlawful Detainer
☐ **Title to Property**
   ☐ Foreclosure
   ☐ Liens
   ☐ Quiet Title
   ☐ Specific Performance
☐ **Condemnation/Eminent Domain**
☐ **Other Real Property**
   ☐ Partition
   ☐ Planning/Zoning

**Negligence**

☐ **Negligence – Auto**
☐ **Negligence – Medical/Dental**
☐ **Negligence – Premises Liability**
   (Slip/Fall)
☒ **Negligence – Other**

**Torts**

☐ **Product Liability**
   ☐ Product Liability/Motor Vehicle
   ☐ Other Torts/Product Liability
☐ **Intentional Misconduct**
   ☐ Torts/Defamation (Libel/Slander)
   ☐ *Interfere with Contract Rights*
☐ **Employment Torts** (Wrongful termination)
☐ **Other Torts**
   ☐ Anti-trust
   ☐ Fraud/Misrepresentation
   ☐ Insurance
   ☐ Legal Tort
   ☐ Unfair Competition

| Probate | Other Civil Filing Types |
|---|---|
| | |

**Probate**

☐ **Summary Administration**
☐ **General Administration**
☐ **Special Administration**
☐ **Set Aside Estates**
☐ **Trust/Conservatorships**
   ☐ Individual Trustee
   ☐ Corporate Trustee
☐ **Other Probate**

**Other Civil Filing Types**

☐ **Construction Defect**
   ☐ Chapter 40
   ☐ General
☐ **Breach of Contract**
   ☐ Building & Construction
   ☐ Insurance Carrier
   ☐ Commercial Instrument
   ☐ Other Contracts/Acct/Judgment
   ☐ Collection of Actions
   ☐ Employment Contract
   ☐ Guarantee
   ☐ Sale Contract
   ☐ Uniform Commercial Code
☐ **Civil Petition for Judicial Review**
   ☐ Other Administrative Law
   ☐ Department of Motor Vehicles
   ☐ Worker's Compensation Appeal

☐ **Appeal from Lower Court** *(also check applicable civil case box)*
   ☐ Transfer from Justice Court
   ☐ Justice Court Civil Appeal
☐ **Civil Writ**
   ☐ Other Special Proceeding
☐ **Other Civil Filing**
   ☐ Compromise of Minor's Claim
   ☐ Conversion of Property
   ☐ Damage to Property
   ☐ Employment Security
   ☐ Enforcement of Judgment
   ☐ Foreign Judgment – Civil
   ☐ Other Personal Property
   ☐ Recovery of Property
   ☐ Stockholder Suit
   ☐ Other Civil Matters

## III. Business Court Requested (Please check applicable category; *for Clark or Washoe Counties only.*)

☐ NRS Chapters 78-88
☐ Commodities (NRS 90)
☐ Securities (NRS 90)

☐ Investments (NRS 104 Art. 8)
☐ Deceptive Trade Practices (NRS 598)
☐ Trademarks (NRS 600A)

☐ Enhanced Case Mgmt/Business
☐ Other Business Court Matters

8 / 3 / 2012
Date

Signature of initiating party or representative

Form PA 201
Rev. 2 3E

(Page 2 of 7)

Electronically Filed
08/27/2012 12:00:08 PM

CLERK OF THE COURT

COMP
DAVID PHILLIPS, ESQ.
Nevada Bar No. 00538
700 S. 4TH STREET
Las Vegas, NV 89101
(702) 386-6000 FAX 386-6980
*Attorney For Plaintiff*

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| SOROYA ANN FAMBRO, an individual | ) Case No.: |
|     Plaintiff, | ) Dept. No.  A- 12- 667452- C |
| vs. | ) |
| | )           XXI I |
| PAUL POWELL, ESQ., individually, | ) |
| POWELL LITIGATION GROUP P.C, a | ) |
| Domestic Professional Corporation, | ) |
| MICHAEL KISTOF, ESQ. DOES 1-V, ROE | ) |
| CORPORATIONS 1-V, | ) |
| | ) |
|     Defendants | ) |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR LEGAL MALPRACTICE

COMES NOW, SOROYA ANN FAMBRO, by and through her attorney DAVID PHILLIPS,

ESQ, and hereby files her original Complaint for malpractice against PAUL POWELL, ESQ.,

individually, MICHAEL KRISTOF, ESQ. POWELL LITIGATION GROUP P.C, a Domestic

Professional Corporation, DOES 1-V, ROE CORPORATIONS 1-V, Defendants, and would

show as follows:

1. Plaintiff is an individual, who, during the relevant time frame, resided in Las Vegas, Clark

County, Nevada. She is the former client of the defendant(s). The acts that form the basis of

this complaint occurred in Clark County, Nevada.

2.  At all times relevant, Defendant, PAUL POWELL, ESQ., is an individual who during the relevant time frame did business as POWELL LITIGATION GROUP, along with defendant MICHAEL KRISTOF, ESQ. The acts that form the basis of this complaint occurred in Clark County, Nevada, by virtue of a cause of action in which the defendants, collectively called "'POWELL DEFENDANTS," were retained to represent the plaintiff at the post arbitration stages styled SOROYA FAMBRO v. WALMART, case no A-07-535400, wherein POWELL defendants committed legal malpractice, more particularly described below.

3.  The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants named herein as DOES 1 through 5, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names; Plaintiff is informed and believes an thereupon alleges that each of the Defendants designated herein as DOE is responsible in some manner for the events and happenings referred to, and caused damages proximately to Plaintiff as herein alleged, and Plaintiff will ask leave of the Court to amend the Complaint to insert the true names and capacities of DOES 1 through 5, inclusive, when the same have been ascertained, and to join such defendants in this action.

## UNDERLYING FACTS THAT FORMED THE BASIS OF LITIGATION

4.  That on or about December 5, 2008, the plaintiff retained the defendant POWELL group to represent her in seeking relief from an order striking a Request for Trial De Novo that had been granted in December, 2008.

2

5. That in the arbitration, the arbitrator found that the plaintiff and defendant Wal-Mart were equally liable for the catastrophic damages that occurred at a Wal-Mart in Clark County,

6. That the striking of the trial de novo was clearly wrong, but the plaintiff was pro se and did not know how to properly raise the grounds for opposing Wal-Mart's motion to strike the trial de novo.

7. That the defendants were retained to file a motion to reconsider the court's ruling striking the trial de novo.

8. That the order striking the trial de novo was entered on January 13, 2009, which meant that the plaintiff had until February 15, 2009 to appeal, and also meant that the plaintiff had until that date to include in the appeal any motions for reconsideration that were considered and entered prior to that date.

9. That the defendants prepared the Motion for Reconsideration, in which court considered the merits of the Motion, but decided that the striking of the trial de novo stood.

10. That the events described in paragraph 9 occurred on February 4, 2009, leaving ten days for the order to be entered, in order that the Reconsideration may be part of the appeal.

11. That the defendant had a professional duty to timely submit an order denying the relief requested, in order to make it a part of the record.

12. That the defendant failed to submit and enter a timely order.

13. That as a direct result of the defendant's failure, the appellate court did not have the benefit of the appropriate and controlling case authority on this issue on striking a de novo request.

14. That the defendants further failed to advise the plaintiff of that fact that she had until February 15, 2009 to appeal.

3

1   15. That as a direct result of the defendants' failures, the plaintiff was denied her right to

2        appeal, and was denied her right to a full and fairly developed record for purposes of

3        appeal.

4   16. That the plaintiff would have won her appeal, and thus would have thus had a new trial.

5   17. That it was later learned that Wal-Mart had committed improprieties, and material

6        evidence that would have changed the result of the 50-50 liability award would have been

7        received, and the plaintiff would in all probability have recovered damages in excess of

8        $10,000.00.

9   18. That because the plaintiff did not timely appeal, her ability to seek redress for her injuries

10        was foreclosed.

11   19. That the plaintiff was not advised properly by the defendants, and the defendants did not

12        acknowledge their professional error.

13   20. That the failure of defendants to timely enter an order on the Reconsideration motion was

14        deficient performance and constitutes legal malpractice.

15   21. That the plaintiff was basically on her own to attempt to figure out what to do.

16   22. That after she consulted with counsel in July 2012, she then became aware of her legal

17        malpractice against the defendants for malpractice, therefore her limitations would begin

18        to commence in July 2012.

19   23. That as a result of the legal malpractice committed by the defendants, the plaintiff has

20        been damaged in an amount greater than $10,000, for which she now sues.

21   24. That the plaintiff is entitled to attorney's fees, which are both reasonable and necessary,

22        against the defendant SINGER.

23

24   ///

25

4

## COUNT ONE-MALPRACTICE

25. The plaintiff realleges the preceding paragraphs as if fully set out therein.

26. That the failure of the defendants to timely submit an order granting the reconsideration and refusing to reverse its ruling striking the de novo had a material adverse effect on the plaintiff.

27. That the failure to properly advise the plaintiff of her appellate rights, likewise, had a material and adverse effect on the plaintiff. That even her prior attorney perfected her appellate rights by filing a trial de novo timely

28. That the failure to enter the order described in paragraph 26, and the failure to either appeal or advise the plaintiff of her appeal rights and deadlines was the proximate cause of the dismissal of the complaint and the loss of her right to a brand new trial de novo.

29. That as a result of the attorney-client relationship created by the above conduct of the parties, defendants had a duty to represent plaintiff with the reasonable care, skill, and diligence ordinarily possessed and exercised by ordinary attorneys in similar circumstances.

30. That the Defendant's conduct described above was a breach of defendant's duty to exercise reasonable care, skill, and diligence on plaintiff's behalf.

31. That by the failures described above, the defendants breached this duty to represent plaintiff with the reasonable care, skill, and diligence ordinarily possessed and exercised by ordinary attorneys in similar circumstances.

32. That as a result of the defendants' negligence and legal malpractice, the plaintiffs thus suffered damages of an amount greater than $10,000, for which he now sues.

1   33. That plaintiff reserves the right to supplement this complaint with additional causes of

2         action, as discovery commences.

3

4                                    **PRAYER**

5

6   WHEREFORE, the plaintiffs pray for the following:

7   1.  Damages in excess of $10,000, as a result of the defendants' professional negligence and

8         otherwise legal malpractice,

9   2.  Costs of court,

10   3.  Interest, and

11   4.  For such other and further relief as the Court deems just and proper.

12         Dated this 3rd day of August, 2012.

13

14                                        DAVID PHILLIPS, ESQ

15                                        Nevada Bar No. 00538
                                          700 S. 4TH STREET
16                                        Las Vegas, NV 89101
                                          (702) 386-6000 FAX 386-6980
17                                        *Attorney For Plaintiff*

18

19

20

21

22

23

24

25

                                           6

# EXHIBIT 2

A-12-667452-C

# DISTRICT COURT
## CLARK COUNTY, NEVADA

| Negligence - Other | COURT MINUTES | January 30, 2013 |
|---|---|---|

| A-12-667452-C | Soroya Fambro, Plaintiff(s)<br>vs.<br>Paul Powell, ESQ, Defendant(s) | |

**January 30, 2013**     **8:30 AM**     **Status Check**

**HEARD BY:** Johnson, Susan     **COURTROOM:** RJC Courtroom 15D

**COURT CLERK:** Tiffany Lawrence

**RECORDER:** Norma Ramirez

**PARTIES PRESENT:**     Rogers, John S     Attorney for Plaintiff

## JOURNAL ENTRIES

- Request of Mr. Rogers to continue and motion to extend time to facilitate service on Defts; stated Deft Powell was in bankruptcy. Court provided a procedural overview and advised she was not inclined to grant an extension to serve unless there were exigent circumstances; Court directed counsel to serve the Defts not in bankruptcy and possibly file a motion to lift the stay as it related to Deft Powell. COURT ORDERED, matter SET.

02/27/13 8:30 AM - STATUS CHECK: PROOF OF SERVICE AND MOTION TO LIFT STAY

# EXHIBIT 3



Case 12-16252-mkn    Doc 29-3    Entered 06/12/12 09:48:20    Page 1 of 3

1

2

3

4

5

6    James B. Ball (#5212)
     James E. Shively (#5497)
7    Poli & Ball, P.L.C.
     3311 S. Rainbow Blvd., Suite 215
8    Las Vegas, Nevada  89146
     (702) 380-8095
9    Facsimile: (702) 380-3001
     fern@poliball.com
10   Attorneys for Daimler Trust

11

12                    **UNITED STATES BANKRUPTCY COURT**

13                      **FOR THE DISTRICT OF NEVADA**

14   In re:                              |   No.  12-16252-mkn

15   Paul D. Powell ,                     |   Chapter 11

16              Debtor.                    |   **ORDER ON MOTION FOR RELIEF**
                                          |   **FROM THE AUTOMATIC STAY**
17                                         |   **WITH CERTIFICATE OF SERVICE**

18   Daimler Trust,                        |   **DATE 07/18/2012 - TIME 9:30 a.m.**
                                          |   **THIRD FLOOR,**
19              Movant,                    |   **COURTROOM NO. 2**
                                          |   **300 LAS VEGAS BLVD. SOUTH**
20   vs.

21   Paul D. Powell, debtor; and
     U.S. Trustee, Trustee,

22              Respondents.

23

POLI & BALL, P.L.C.
3311 S. RAINBOW BLVD., SUITE 215
LAS VEGAS, NEVADA  89146
(702) 380-8095

1    Daimler Trust, having filed its Motion for Relief from the Automatic Stay

2 on June 12, 2012, ("the Motion").

3    The court finds that there were no timely written objections filed to the

4 Motion.

5    IT IS HEREBY ORDERED that Daimler Trust's Motion is hereby granted.

6    IT IS FURTHER ORDERED that the automatic stay of 11 U.S.C. Section

7 362(a) as it is applicable to the debtors and the estate is terminated, with respect to the

8 following described personal property ("the leased property"):

9    2010 Mercedes Benz CL65

10    VIN # WDDEJ7KB1AA024528.

11 RESPECTFULLY SUBMITTED this _____ day of June, 2012

12    Poli & Ball, P.L.C.

13

14 By_____
        James B. Ball (#5212)
15      James E. Shively (#5497)
        3311 S. Rainbow Blvd., Suite 215
16      Las Vegas, Nevada 89146
        Attorneys for Daimler Trust

17

18

19

20

21

22
                            ###
23

- 2 -

1

CERTIFICATION re: LOCAL RULE 9021:

2

1)    Documents listed in subsection (a) above must be submitted to the court with
the following certification from the submitting counsel:

3

4

In accordance with Local Rule 9021, counsel submitting this document certifies
that the order accurately reflects the court's ruling and that (check one):

5

_____The court has waived the requirement set forth in LR 9021(b)(1).

6

_____ No party appeared at the hearing or filed an objection to the motion.

7

8

9

_____ I have delivered a copy of this proposed order to all counsel who appeared
at the hearing, any unrepresented parties who appeared at the hearing, and each
has approved or disapproved the order, or failed to respond, as indicated below
[list each party and whether the party has approved, disapprove or failed to
respond to the document]:

10

11

_____ I certify that this is a case under Chapter 7 or 13, that I have served a copy
of this order with the motion pursuant to LR 9014(g), and that no party has
objected to the form or content of the order.

12

13

14

| | |
|---|---|
| _____ | _____ Failed to respond to the document. |
| Zachariah Larson | _____ Approved the document. |
| Attorney for Debtor | _____ Disapproved the document. |

15

| | |
|---|---|
| _____ | _____ Failed to respond to the document. |
| U.S. Trustee | _____ Approved the document. |
| Trustee | _____ Disapproved the document. |

16

17

18

19

20

21

22

23

POLI & BALL, P.L.C.
3311 S. RAINBOW BLVD., SUITE 215
LAS VEGAS, NEVADA 89146
(702) 380-8095

- 3 -